IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.                                                              Case No.: 21-cr-116-wmc

CODY WALKER-NELSON,

Defendant.

## PLEA AGREEMENT

     1.     This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

     2.     **PLEA AND PENALTIES:** The defendant agrees to plead guilty to Count 1 and Count 3 of the indictment. Count 1 charges a violation of Title 18, United States Code, Section 2113(a), which carries maximum penalties of twenty years in prison, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment. Count 3 charges a violation of Title 18, United States Code, Section 922(g)(1), which carries maximum penalties of ten years in prison, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

     3.     **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

     4.     **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United

States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5.   **APPELLATE RIGHTS WAIVER:**  The defendant acknowledges, after consultation with his attorney, that he fully understands the extent of his rights to appeal the conviction and sentence in this case.  By his signature below, the defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal his conviction, including any issues with respect to the calculation of the advisory sentencing guideline range or the reasonableness of the sentence imposed.

6.   **FACTUAL BASIS:**  The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

In St. Louis County, Minnesota case number 69DU-CR-13-724, Cody Walker-Nelson was convicted of Burglary in the First Degree on April 24, 2014 and was sentenced to 45 months in prison.

On October 1, 2021, police were dispatched to an attempted robbery at Associated Bank, 1612 Belknap Street, Superior, in the Western District of Wisconsin.  The teller said that she heard a knock on the drive through window behind her.  She turned around and motioned for the man at the window to "hold on" while she helped another customer.  The man started knocking again, so she turned and walked toward the window. The teller saw the defendant point a silver handgun directly at her.  The teller said that she froze, made eye contact with Walker-Nelson, and he started gesturing for her to come towards him.  She stepped out of view of the window, and the man drove off.  The Associated Bank was insured by Federal Deposit Insurance Corporation.

An Associated Bank security supervisor reviewed the surveillance video from this incident and created still images which he provided.  The video shows the defendant drive up to the bank drive through window, knock on the window, get out of his vehicle, and point the gun toward the teller window.

The investigation found that the defendant had earlier that same day stolen seven firearms from a residence in Superior, in the Western District of Wisconsin.  Those firearms were later recovered in this investigation and are listed below.

After the attempted bank robbery, Walker-Nelson met with two people previously known to him and left them a shotgun and ~~rifle~~ that were taken from the burglary. Those two ~~long~~ guns were recovered by law enforcement. Walker-Nelson then went to his friend's apartment in Duluth, Minnesota with the other five stolen guns. Walker-Nelson was ultimately arrested, and law enforcement recovered the other five firearms.

On October 2, 2021, law enforcement officers interviewed Walker-Nelson. Walker-Nelson said that he "went on a rampage" and that it was drug induced. When asked if he went to a bank to try and get money, Walker-Nelson said yes. Walker-Nelson said that he got the guns from a trailer that was for sale in Superior. He entered the trailer through the window and all of the guns and ammunition came from that burglary.

The defendant said that during these events he sold a gun to someone he knew, referencing the two ~~long~~ guns recovered. He admitted to firing one of the handguns in the apartment in Duluth but said that he never fired the AR15 rifle.

The following firearms were recovered in this case:

• Llama, model MAX 1, .45 caliber pistol (recovered in alley near the Duluth apartment)
• Winchester Arms, model 70, .270 caliber rifle (recovered in alley near the Duluth apartment)
• Remington, model 700, 22-250 caliber rifle (recovered in alley near the Duluth apartment)
• Smith and Wesson, model 5903, 9mm caliber pistol (recovered in the Duluth apartment)
• Anderson Manufacturing, model AM-15, AR15 rifle (recovered in the Duluth apartment)
• Maverick, model 88, 12-gauge shotgun (recovered from one of the persons that Walker-Nelson gave two firearms)
• Smith and Wesson, model 36, .38 caliber revolver (recovered from one of the persons that Walker-Nelson gave two firearms)

ATF Special Agent Nicholas McAdams provided a nexus report that each of the recovered firearms were manufactured outside of Wisconsin.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

3

7.     **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement.  This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

8.     **DISMISSING REMAINING CHARGES:** The United States agrees to move to dismiss the remaining count of the indictment at sentencing.

9.     **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility.  This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1.  Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this pea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility.  This recommendation is consistent with the defendant signing this plea agreement on or before April 27, 2022.

10.     **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing.  The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation.  The defendant authorizes the United States Attorney's Office to run the defendant's credit report.  The defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

11.     **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

12.     **SENTENCING RECOMMENDATIONS:** The defendant agrees that at sentencing he will recommend a minimum of seven years imprisonment.  The defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence that will be imposed.  The defendant also acknowledges his understanding that the Court can impose any sentence up to and including the maximum penalties set out above.

13.     **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty.  Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

14.     **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

TIMOTHY M. O'SHEA
United States Attorney

May 2, 2022
_____                    By:_____
Date                                                       COREY STEPHAN
                                                                Assistant United States Attorney

_____                    _____
Date                                                       ALEX VLISIDES
                                                                Attorney for the Defendant

4-27-22
_____                    _____
Date                                                       CODY WALKER-NELSON
                                                                Defendant

5

## ACKNOWLEDGEMENTS

I, Cody Walker-Nelson, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.


4-27-22
_____
Date

CODY WALKER-NELSON
Defendant


I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.


4/27/22
_____
Date

ALEX VLISIDES
Attorney for Defendant